# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUONY ROUM,<br><br>              Plaintiff,<br><br>              v.<br><br>ADRIAN M. FENTY, Mayor of the<br>District of Columbia, et al.,<br><br>              Defendants. | Civil Action 09-00381 (HHK) |

## MEMORANDUM OPINION

Plaintiff Buony Roum, proceeding pro se, brings this action against the Mayor of the District of Columbia, Adrian Fenty, the District of Columbia Chief of Police, Cathy Lanier, and the head of the District of Columbia's city council, Vincent Gray (collectively "defendants") in their official capacities. Roum's allegations center around several alleged conspiracies against him by defendants and various government agencies. In his complaint, Roum alleges

> miscellaneous violations of Foreign Intelligence Surveillance Act, FISA 50 U.S.C. §§§§§§§§ 1801 et seq., 1802 et seq., 1804, 1805, 1811, 1824(e)(1)(A)(ii), 1829, 1844 of 1978 as amended July 10, 2008, and violation of his civil rights, privacy, First, Second, Third, Fourth, Eight, Fourteen [section 1] Amendments to the Constitution of the United States, [and] Article I section 9.

Compl. ¶ 1 (alterations in original).[1] Roum also brings claims arising from an alleged failure to comply with the requirements of the Freedom of Information Act ("FOIA") as well as claims of false arrest, false imprisonment, assault, and malicious prosecution. Before the Court are defendants' motion to dismiss Roum's complaint [#12] and Roum's motion for summary

---

[1] All citations herein to Roum's complaint refer to the Amended Complaint.

judgment [#14]. Upon consideration of the motions, the opposition thereto, and the record of this case, the Court concludes that defendants' motion to dismiss must be granted and Roum's motion for summary judgment must be denied as moot.

## I. FACTUAL BACKGROUND

Roum filed this action on February 26, 2009. In his complaint, Roum alleges a vast and intricate conspiracy involving numerous federal agencies and officials, the Metropolitan Police Department ("Police Department"), and ordinary citizens, to surveil, experiment upon, kidnap, and poison Roum. According to the complaint, the various participants in the conspiracy have: illegally tapped his phones; conducted daily physical searches of his residence and property; falsely labeled him a terrorist; contaminated his bed and clothing with radioactive chemicals, poisoned his food and toothpaste, planted radioactive nano-technology in his home, "illegally planted microelectrodes" in his brain; inserted a "roving wiretap" in his chest; used an "Active Denial System" to map his brain and alter his dreams; injected H5N1 viral fluid into his lungs in an attempt to create a global pandemic; exposed him to immunosuppressive radioactive elements to create HIV/AIDS symptoms; disseminated his private information to police departments and foreign intelligence agencies; kidnapped him and placed him in a mental hospital where he was exposed to psychiatric drugs similar to LSD; and denied his FOIA request for access to any files that the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), or the Department of Justice may have about him.

Roum also asserts that he has been falsely arrested and charged with various crimes on June 25, 2006, October 13, 2006, July 11, 2007, and December 9, 2007. All, or at least most, of

2

the resulting cases against Roum have been dismissed.[2] Finally, Roum alleges that he was falsely arrested on April 24, 2008, an arrest that Roum asserts led to his wrongful conviction on October 23, 2009.

Defendants now move to dismiss Roum's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Roum moves for summary judgment.[3]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure "tests whether the court has subject matter jurisdiction over the action." *Bernard v. U.S. Dep't of Def.*, 362 F. Supp. 2d 272, 277 (D.D.C. 2005). Under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "The court, in turn, has an 'affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.'" *Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)). The court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d. 78, 81 (D.D.C. 2000). "The court is not required, however, to accept inferences unsupported by the facts alleged, or legal conclusions that are cast as factual allegations." *Smith v. Koplan*, 362 F. Supp. 2d 266, 268 (D.D.C. 2005) (citing *Scott v. England*,

---

[2] It is unclear from Roum's complaint whether the disorderly conduct charge resulting from his June 25, 2006 arrest was dismissed.

[3] Because the Court finds that Roum's complaint should be dismissed, Roum's motion for summary judgment is denied as moot.

264 F. Supp. 2d 5, 7 (D.D.C. 2002)).  Although pleadings filed by pro se litigants are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a pro se litigant may not ignore the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

### III.  ANALYSIS

**A.     Roum's First, Second, Third, Fourth, and Eighth Amendment; Article 1, § 9; FISA; USA PATRIOT Act; and Title VII Claims Must Be Dismissed Pursuant to Rule 12(b)(1) Because They Are Frivolous.**

It is well settled in this Circuit that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  *Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  Dismissal is appropriate under Rule 12(b)(1) when a complaint is so "patently unsubstantial" that it presents no question suitable for decision.  *Id.* (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).  A complaint that is "patently unsubstantial" is not merely doubtful or questionable, but is "essentially fictitious." *Best*, 39 F. 3d at 330.  Such claims include those that "advance bizarre conspiracy theories" or "fantastic government manipulations of [one's] will or mind."  *Id.*; *see also Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006) ("Complaints that are comprised of 'fanciful claims' and 'bizarre conspiracy theories' are generally subject to dismissal on that basis.").

Here, the gravamen of Roum's claims is that defendants have participated in a vast and ongoing conspiracy against him involving numerous federal and local agencies and officers.  He alleges that these agencies have employed the use of various chemicals and technologies to regularly conduct experiments and surveillance on him over a period spanning more than ten

years. *See* Compl. ¶¶ 31-52.[4] These allegations are precisely the type of unrealistic assertions that this Court must dismiss for lack of jurisdiction. *See Roum*, 461 F. Supp. 2d at 46 (citing *Bestor v. Lieberman*, 2005 WL 681460, at *1 (D.D.C. Mar. 11, 2005)). Accordingly, any claims related to Roum's conspiracy allegations must be dismissed under Rule 12(b)(1).

Roum's First, Second, Third, Fourth, and Eighth Amendment claims all arise from, and are entwined with, his conspiracy allegations. In asserting his First Amendment claim, Roum alleges that his phones have been tapped and his conversations monitored. Compl. ¶ 7.[5] His Second Amendment claim arises from allegations that his October 23, 2009 conviction was the result of an ongoing Bush Administration conspiracy to prevent him from buying a handgun *Id.* ¶ 66. Roum's Third Amendment claim arises from an alleged quartering of a National Security Agency operative in his house. *Id.* ¶ 30. His Fourth Amendment claim arises from allegations of various and repeated clandestine, physical searches of his home over a ten year period. *Id.* ¶ 10. His Eighth Amendment claim asserts cruel and unusual punishment arising from the various experiments and poisonings allegedly inflicted upon him. *Id.* ¶ 56.[6]

---

[4] Roum does not clearly articulate a motive for this conduct by the agencies, but suggests they are motivated by either a mistaken belief that he is a terrorist, or by a deliberate effort to label him a terrorist in order to conduct experiments on him. *Id.* ¶ 31.

[5] The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I. Roum does not clearly articulate how the alleged tapping of his phones violated his First Amendment right.

[6] Roum also asserts an Article I, section 9 violation, but never states what that claim is, and nowhere in the complaint does he allege any facts remotely cognizable under that provision of the Constitution.

Roum's allegations regarding Foreign Intelligence Surveillance Act ("FISA") and USA PATRIOT Act violations similarly arise out of his incredible conspiracy allegations. Roum asserts that various federal agencies have tracked him "through his cell phones, computer radio frequency bar codes via . . . G[PS] war satellites and CIA satellites," and otherwise surveilled and spied on him and tapped his phones for more than ten years, in violation of various FISA provisions.[7] *See id.* ¶¶ 8-30, 53-54. He also asserts that his private information was obtained and disseminated to various police and foreign intelligence agencies in violation of FISA or the USA PATRIOT Act. *Id.* ¶ 54.

Finally, Roum alleges that he has been discriminated against by the Police Department in violation of Title VII of the Civil Rights Act of 1964. *See* Compl. ¶¶ 31, 70. As an initial matter, Title VII is inapplicable to Roum's claims because it addresses only employment-related discrimination, *see* 42 U.S.C. § 2000e *et seq.*, and Roum does not allege that any of the named defendants was ever his employer. Additionally, to the extent Roum's complaint can be construed as alleging a cognizable civil rights violation because of his "national origin, skin color, [or] religion," *see* Compl. ¶ 70, the Court determines that those allegations are also entwined within Roum's broader conspiracy claims to label him a terrorist. The claim is just one more item on the "laundry list of wrongful acts and conclusory allegations" that comprise Roum's complaint. *See Richards v. Duke University*, 480 F. Supp. 2d 222, 233 (D.D.C. 2007) (stating that plaintiff's offering of "a laundry list of wrongful acts and conclusory allegations to

---

[7] Roum's claims include violations of 50 U.S.C. §§ 1801, 1802, 1804, 1805, 1811, 1822, 1824, 1829, 1842, 1843, 1844.

support her theory of a conspiracy" was insufficient to allow the case to proceed) (internal quotation marks omitted).

The extent and sophistication of the alleged government conspiracy strains credulity, to say the least. As this Court has instructed Roum before, "[t]hese are precisely the type of inherently unrealistic allegations that must be dismissed for lack of jurisdiction." *Roum*, 461 F. Supp. 2d at 47. Therefore, the Court concludes that Roum's constitutional, FISA, USA PATRIOT Act, and Title VII claims must be dismissed.

B.  **Roum's FOIA Claims Must Be Dismissed Because He Has Not Alleged Claims Against the Named Defendants.**

Under FOIA, an individual who has submitted a proper request for records but has been denied may file suit in district court. *See* 5 U.S.C. § 552(a)(4)(B); *Zivotofsky rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006) ("Anyone whose request for specific information [under FOIA] has been denied has standing to bring an action."). Roum alleges that he submitted requests for records under FOIA to the CIA, FBI, and the Department of Justice, but "[t]he CIA and FBI failed to furnish plaintiff's responsive records," as did the Department of Justice. Compl. ¶ 57. Nowhere in Roum's complaint, however, does he allege that he requested records from the named defendants of this action—Fenty, Gray, and Lanier—or their respective agencies, or that the defendants denied such a request. Accordingly, to the extent that Roum's complaint alleges FOIA claims against defendants, those claims must be dismissed.

## C. Roum's Claims of False Arrests, Assault, False Imprisonment, and Malicious Prosecution Must Be Dismissed Because They Are Time-Barred or Not Yet Ripe for Consideration.

Roum also alleges claims of false arrest spanning a time period from June 25, 2006 to April 24, 2008. *See* Compl. ¶¶ 59-66. Roum characterizes some of his claims as arising from "false arrests," *id.* ¶¶ 59-66, however, liberally construing his complaint, it appears that Roum also attempts to assert claims of assault, false imprisonment, and wrongful conviction.

First, defendants argue that Roum's false arrest and assorted tortious claims that occurred between February 3, 2005 and July 11, 2007 are barred by a one-year statute of limitations. Mot. to Dismiss at 9. Citing D.C. Code §12-301(2)-(4), Roum seems to argue that he has three years to file his suit because his personal property was "damaged and lost" when he was arrested. Pl.'s Mem. of P. & A. in Opp'n to Defs.' Mot. to Dismiss at 13.

While Roum may have three years to file suit for the recovery of his personal property or the recovery of damages for an injury to his personal property under D.C. Code §12-301(2)-(3), Roum's false arrest, assault, and false imprisonment claims are governed by D.C. Code § 12-301(4), which provides a one year statute of limitations for "assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment." D.C. Code § 12-301(4). The District of Columbia Code provides that the statutory period begins to run "from the time the right to maintain the action accrues." *Id.* § 12-301. Roum filed suit in this Court on February 26, 2009. Accordingly, all of Roum's claims pertaining to false arrests, assault, or false imprisonment that occurred prior to February 26, 2008 are time barred and must be dismissed.[8]

---

[8] Additionally, to the extent Roum attempts to allege assault, battery, wounding, false arrest and/or false imprisonment arising from his being taken to St. Elizabeth Mental Hospital in February 2005, that claim is also time-barred pursuant to D.C. Code § 12-301(4).

Next, defendants argue that Roum's remaining claims for false arrest and wrongful conviction, which relate to his April 24, 2008 arrest and October 23, 2009 conviction, should be dismissed because Roum fails to state a claim upon which relief can be granted. The Court agrees. First, "[a] common-law false arrest claim is defeated by a subsequent conviction on the charges on which the claimant was arrested." *McClam v. Barry*, 697 F.2d 366, 370 (D.C. Cir. 1983), *rev'd on other grounds*, 742 F.2d 1498, 1509 (D.C. Cir. 1984) (citing *Menard v. Mitchell*, 430 F.2d 486, 491 n.26 (D.C. Cir. 1970)). Accordingly, Roum's April 24, 2008 false arrest claim must be dismissed because Roum alleges that he was subsequently convicted on the charges for which he was arrested. *See* Compl. ¶ 66.

Furthermore, Roum's wrongful conviction claim must also be dismissed because he has not made the required showing that his conviction has been invalidated. Roum can only be awarded damages for his alleged wrongful conviction if he establishes that his conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Harper v. U.S. Attorney's Office*, 1998 WL 796240, at *1 (D.C. Cir. Oct. 6, 1998) ("To the extent appellant seeks damages for constitutional violations in connection with his alleged wrongful conviction, he is not entitled to relief without showing that his conviction has been invalidated in another proceeding." (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994))). Because Roum has not made such a showing, his wrongful conviction claim must also be dismissed.

**D. Roum's Fourteenth Amendment Claim Must Be Dismissed Because He Has Not Alleged Sufficient Facts to Support His Claim.**

Roum also asserts he was denied due process in violation of the Fourteenth Amendment. It has long been held that the Fifth Amendment applies in the District of Columbia, and not the Fourteenth, which applies only to the States. *See Bolling v. Sharpe*, 347 U.S 497, 499 (1954); *see also Butera v. District of Columbia*, 235 F.3d 637, 645 n. 7 (D.C. Cir. 1987) (noting that although due process violations by state officials are generally analyzed under the Fourteenth Amendment, the District of Columbia is subject to the Due Process Clause of the Fifth Amendment). Because Roum is a pro se plaintiff, the Court will read Roum's complaint to allege a claim under the Fifth, rather than Fourteenth, Amendment. The Fifth Amendment's Due Process Clause protects individuals from the deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. V. Roum seems to rely on the Amendment's protection from deprivation of property without due process to assert his property loss claim arising from his October 13, 2006 arrest. Despite a very liberal construal of the complaint in favor of Roum, the Court must reject his claim.

Roum asserts that he lost "his real personal properties cell phone, other electronic devices, leather briefcase bag, lawsuit files . . . , a United States Code CD ROM, Calculus Text Book" as a result of his October 2006 arrest. Compl. ¶ 60. He offers no other detail regarding the loss of his property, but alleges "los[s] of his real personal properties" as one of the many harms he has suffered. *Id.* ¶ 68. The guarantee of due process has historically been "applied to *deliberate* decisions by government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (emphasis in original) (explaining Due Process in

the Fourteenth Amendment context). The purpose of the Due Process clause is "to secure the individual from the arbitrary exercise of the powers of government." *Id.* (quoting *Hurtado v. California*, 110 U.S. 516, 527 (1884)). Mere negligence or lack of due care by a state official does not constitute a deprivation of life, liberty, or property in violation of due process. *Id.* at 330-31; *CHS Indus., LLC v. U.S. Customs & Border Prot.*, 653 F. Supp. 2d 50, 56 (D.D.C. 2009).

Although Roum has alleged a significant number of violations throughout his complaint, this Court does not read anywhere in the complaint facts that could be construed to allege deliberate action by the police to deprive Roum of his property. Roum makes no conversion claim and fails to offer any evidence from which the Court could deduce an allegation of deliberate deprivation of property. Therefore, the Court concludes that Roum's Fifth Amendment claim must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Roum's complaint shall be dismissed in its entirety. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge